THE BOARD OF COMMISSIONERS of Miami County v. BEARSS.

BOUNTIES TO VOLUNTEERS.—*Coffman* v. *Keightley*, 24 Ind. 509, and *Oliver* v. *Keightley*, *id.* 515, affirmed.

SAME—SUBSTITUTES.—An appropriation for bounties to substitutes is covered and legalized by the act of *March* 3, 1865.

APPEAL from the *Miami* Circuit Court.

FRAZER, C. J.—It was recently held by this court, in *Coffman* v. *Keightley*, 24 Ind. 509, that appropriations made by a county to pay bounties to induce volunteers to enter the military service of the *United States*, to satisfy quotas of troops assigned to be raised within such county, under an impending and unexecuted draft, were legalized by the terms of the act of *March* 3, 1865; that such legislation is not repugnant to the constitution of the *United States*, and that the title of the act is sufficient to express the foregoing subject of legislation, under the nineteenth section of the fourth article of the State constitution.

And in *Oliver* v. *Keightley*, 24 Ind. 515, we held that such appropriations to reimburse private citizens for voluntary contributions made previous to such appropriations, for the same objects, and to pay bounties to drafted men already in the military service, and to reimburse citizens for money previously expended in obtaining substitutes for themselves, were not within the terms of the curative statute of 1865, and that such appropriations were therefore void.

The same questions, save one, are involved in the case now before us, and we decide them in the same way, without further discussion.

There is here, also, an additional question, not heretofore presented, which must now receive attention. *Miami* county made the same appropriation for bounties to those volunteers who entered the service as substitutes for per-

sons liable to the impending draft, that she did to those volunteers who did not. Was this appropriation made valid by the act of *March* 3, 1865 ?

It will be borne in mind that one entering the service as a volunteer, under the call of the President for troops, might, at his option, be received as a substitute for another liable to military duty, but not drafted, and thus not only be credited to the quota assigned to a given district, but also relieve that other person from military duty. Thus an inducement was presented to individuals to procure, by the expenditure of money, soldiers for our army. Each man thus procured went to satisfy the quota, and thus relieve the district, just as if he were an ordinary volunteer. But it would multiply the chances of conscription of those not thus represented by substitutes, in any subsequent call that might be made. In the case in hand, the action of the county commissioners was had pending the last call which was made by the President for troops, and though it was not then certainly known, nor even when the act of 1865 was passed, that no further demands would be made, yet such was the general belief, and as the event has been realized, no practical injustice has resulted from the action of the county authorities specified. The expectation that no further drafts would be made may account for the broad terms of the legalizing act. "All appropriations made  *  *  for the purpose of procuring  *  volunteers  *  for the army and navy,  *  *  are hereby ratified, approved and legalized." This language covers the case in hand.

The judgment is affirmed, with costs.

*N. O. Ross,* for appellant.

*D. D. Pratt* and *D. P. Baldwin,* for appellee.