THE BOARD OF COMMISSIONERS OF HARRISON COUNTY v. McCARTY.

BOUNTIES TO VOLUNTEERS.—An appropriation of money by a county board to repay to individuals money voluntarily contributed by them to aid the recruiting of soldiers, or expended in the procurement of substitutes, is illegal, and a special levy to pay such an appropriation may be enjoined.

SAME.—But a general levy for county purposes cannot be restrained on the ground that a part of it will be expended to pay such illegal appropriation. The proper remedy in such case is by injunction against the treasurer to restrain him from paying out the money.

TAX DUPLICATE.—An omission to deliver the tax duplicate to the treasurer before October 15th, or to add up the columns and carry the footings forward, &c., does not render the duplicate void.

APPEAL from the *Harrison* Circuit Court.

RAY, J.—At the *June* term, 1865, of the Board of Commissioners of *Harrison* county, it was ordered "that a tax of one dollar and forty-five cents be levied on each one hundred dollars worth of taxable property in said county, and three dollars and fifty cents on every poll liable to taxation, for the year 1865. The appellee, who is a resident taxpayer of the county, filed his complaint to enjoin the collection of this tax, and to restrain the county treasurer from paying certain sums appropriated, on the ground that the commissioners had, on the 9th day of *February*, 1865, passed an order appropriating out of the county treasury the sum of $61,200, for the purpose of filling the quota of said county, under the call of the President of the *United States* for volunteers, of *December* 19, 1864, and for the repayment of money advanced by citizens of the several townships to procure volunteers. And on the further ground, that on the 3d day of *December*, 1865, the said board of commissioners had ordered the sum of $300 to be paid out of the above appropriation to each of such persons as had furnished substitutes under the said call, prior to the 9th day of *February*, 1865.

In *Coffman* v. *Keightley*, 24 Ind. 509, and in *The Board*

*of Commissioners of Miami County* v. *Bearss*, 25 *id.* 110, we held that appropriations to reimburse private citizens for voluntary contributions, made previous to the appropriations, for the purpose of inducing volunteering, and appropriations to reimburse persons for money expended to· obtain subtitutes, were both illegal. It would therefore be proper for the court to restrain the treasurer of the county from paying out the sums appropriated for these objects. But the levy of taxes, the collection of which is sought to be enjoined in the complaint, is for general county purposes, and that levy the board of commissioners had the power to make, and the officers cannot, therefore, be restrained from collecting it. The court can simply prevent its misapplication when collected. Had the board of commissioners made a special levy for the illegal purpose, the collection of that tax could properly have been enjoined, but the averment that the board intend to misapply a part of a tax legally assessed, will not authorize the court to restrain the collection of the legal tax. A demurrer was filed to this complaint, which was overruled by the court. As the relief asked against the county treasurer, so far as it demanded that he be restrained from paying the money from the county treasury to those persons who had made voluntary contributions, or had paid money to procure substitutes, was within the power of the court to grant, no error was committed in overruling the demurrer. A second paragraph was subsequently filed to the complaint, in which it was alleged that the tax duplicate was defective; that it was not placed by the auditor in the hands of the treasurer on or before the 15th day of *October*, 1865, nor was it then made out, nor added up, nor was there set down on each page thereof the several columns, containing the valuations of real and personal estate, the taxes charged and the number of acres, carrying the same forward from page to page to the close of each township, nor were the several towships recapitulated at the end of the duplicate, nor was the aggregate of the items added up for the entire county, wherefore

it was alleged the duplicate was void. A demurrer was overruled to this paragraph.

The omissions complained of are not such .as, in our opinion, render the tax duplicate void. If the property of the appellee was properly listed, it is not a matter of importance to him that the amounts were not properly footed up at the close of each page and carried forward. The statute provides for the amendment of the duplicate by the auditor, and of the copy held by the treasurer, and the omissions alleged are simply clerical. The demurrer to this paragraph should have been sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*C. L. Dunham* and *S. K. Wolf,* for appellant.

*J. M. Butler* and *W. Q. Gresham,* for appellee.