## The Board of Commissioners of Madison County and Others *v.* Brown.

Military Bounties.—The fact that one township of a county had filled its military quota did not relieve the citizens of that township from liability to pay taxes to meet appropriations made by the county board for bounties.

County Board.—Special Sessions.—When the county board is once lawfully convened in special session by the call of the auditor, the board has power to adjourn from day to day, until the business before it is finished.

Same.—It is not necessary that the record of the board should show the call of the auditor for a special session. This may be shown by other evidence.

Assessment of Taxes.—The fact that the board of commissioners contemplate an unlawful use of the county revenue will not make void a general levy for county purposes.

County Bonds.—Innocent Holder.—The fact that county bonds may have passed into the hands of innocent holders will not deprive the county of any defense that might have been made against the first holder.

Assessment to Pay War Bonds.—The ruling in *Nave et al.* v *King,* 27 Ind. 356, approved.

APPEAL from the *Madison* Circuit Court.

Gregory, J.—*Ellwood Brown,* a citizen of *Fall Creek* township, in *Madison* county, on behalf of himself and the other citizens of said township, filed his complaint against the appellants to enjoin the assessment and collection of taxes against the citizens of that township, for the purpose of raising a revenue for the payment of certain bonds issued by order of the board of commissioners for providing

means with which to pay bounties to drafted men and volunteers, to fill the last call of the President of the *United States* for 300,000 men. A demurrer to the complaint for want of sufficient facts was overruled. Trial by the court, and finding for the plaintiff. A motion for a new trial was overruled, and a final decree rendered: 1. The order of the board of commissioners made at their *June* session, 1865, directing the treasurer of *Madison* county to pay one hundred dollars in bonds to persons holding muster-in certificates under the call of the President of the *United States*, of *December*, 1863, for 300,000 men, and who never received any bounty from *Madison* county, was declared void, and the defendants and their successors in office were enjoined from paying any part of such bonds, and from levying and collecting from the tax payers of *Madison* county any tax for such purpose. 2. The defendants and their successors in office were restrained from collecting, upon levies theretofore made upon the tax payers of *Madison* county, any funds for the payment of military bonds issued to drafted men that were never mustered into the service of the *United States*, and from paying or redeeming such bonds with funds now belonging to said county of *Madison*, raised either by taxation or otherwise. 3. The defendants and their successors in office were enjoined from paying bonds issued to remunerate persons for moneys advanced on private account to induce volunteering. 4. The defendants and their successors in office were enjoined from the collection of any tax assessments against the appellee and other tax payers of *Fall Creek* township, made by order of the board, for the year 1865, for the purpose of raising funds to pay and redeem the military bonds of *Madison* county, issued under the orders of the board of commissioners of *January* 12th, and *February* 16th, 1865, purporting to authorize the issue of bonds by the treasurer of *Madison* county, in the sum of $200,000, to be paid to drafted men and volunteers in sums of $400 each. 5. The defendants and their successors in office were enjoined from

appropriating towards the payment of any of the military bonds of the county of *Madison*, issued under the orders of the board of commissioners of *January* 12th, and *February* 16th, 1865, directing the issue of $200,000 of bonds, to be paid to drafted men and volunteers in sums of $400 each, the funds theretofore collected from the tax payers of *Fall Creek* township under the assessment of 1865. ℔. The order of the board of commissioners made on the 16th of *February*, 1865, directing the treasurer of *Madison* county to furnish the citizens of *Fall Creek* township a sufficient amount in bonds of the county to pay eleven men $400 each was declared void; and the defendants and their successors in office were enjoined from furnishing such bonds to said citizens, and from paying any such bonds that had been issued.    The appellants excepted to the decree.    The evidence is set out in the record.

The main question involved was raised by a motion to strike out a portion of the complaint, and was also involved in the motion for a new trial.    It is claimed that the citizens of *Fall Creek* township are exempt from the payment of taxes to meet the liability incurred by the county for bounties to drafted men and volunteers under the call of the President of the *United States*, on the ground that they had filled their quota before the orders of the board of commissioners were made.    This question was considered in *King and Others* v. *Course and Others*, 25 Ind. 202.    It is there said, that "the townships of the county, in their corporate capacities, had no power to levy taxes and raise funds for these purposes.    The board of commissioners, in the exercise of their limited legislative power, act for the whole county.    The necessities of the public service, in which all were deeply interested, required that the county should furnish a given number of men for the national defense, and even though a portion of the required number had been secured, we do not think that fact furnished any valid reason why the commissioners should not afford their aid to the government, in assisting to promptly raise the

residue. It would certainly be, in the language of the act of 1865, 'procuring or furnishing volunteers or drafted men for the army of the *United States*,' and thereby aiding the government in suppressing the rebellion." We think that the fact that *Fall Creek* township had furnished her quota before the orders of the board of commissioners of *January* 12th, and *February* 16th, 1865, were made, does not exempt the tax payers of that township from the burden of taxation for the purpose of meeting the liability incurred by the county under these orders. It is claimed that the orders of the board of commissioners are void because they were made at special sessions, and that the record made by them does not show that the commissioners were called to meet by the auditor of the county; and that the order of the 12th of *January*, 1865, was made at an adjourned meeting of the board. The commissioners' record shows that the meeting on the 11th of *January* was in pursuance of a call previously made by *James M. Dickson*, the county auditor, and that the board adjourned until the next day. The commissioners, being lawfully in session, had the right, in our opinion, to adjourn from day to day until the business before them was completed.

It is true that the commissioners' record does not show that the meeting in *February* was in pursuance of the call of the auditor, but the record in this case shows that a notice was issued by the county auditor for the meeting on the 16th of that month, stating the purpose of the call. This notice was served by the sheriff on each of the commissioners. This in our judgment is sufficient. It is not necessary that the commissioners' record should show the call; it may be shown *aliunde*.

The board of commissioners, at their *June* term, 1865, passed the following order: "Ordered by the board, that the treasurer pay one hundred dollars, in bonds, to persons holding muster-in certificates under the call of the President, of *December*, 1863, for 300,000 men, and who never received any bounty from *Madison* county under said

call." There is evidence tending to show that bonds issued in *April*, 1865, were paid out under this order. This case was tried at the *October* term, 1866. The legislature, by an act approved *March* 11, 1867, legalized all bonds theretofore issued by and under the authority of the boards of commissioners of the several counties in this State, of the denomination of one hundred dollars, dated *April* 3d, 1865, due in one year after the date thereof, bearing interest at the rate of six per cent. from date, for the purpose of paying bounty to persons who had received no bounty from such counties, and had been mustered into the *United States* service, under the call of the President for 300,000 men, in the month of *December*, 1863, for the suppression of the rebellion. Acts 1867, § 1, p. 26. It is claimed by the appellants that this act legalizes the bonds issued under the order of *June*, 1865. This is true, if the bonds are correctly described in the legalizing act. But only bonds of the denomination of one hundred dollars, dated *April* 3d, 1865, bearing six per cent. interest, due in one year after the date thereof, are embraced. The evidence is not sufficiently clear to enable us to say that the bonds are of the kind described in the act. But as the judgment below must for other reasons be reversed, this matter will be open for further investigation in the court below. It is proper to say that no question of parties is raised by the demurrer for want of sufficient facts.

It is urged by the counsel for the appellee, that the order made by the board of commissioners at the *June* term, 1865, levying a tax of one dollar and sixty cents on each hundred dollars worth of property in the county, real or personal, for county purposes, and four dollars and seventy-five cents on each poll, is void, for the alleged reason that at the same time the board of commissioners ordered the treasurer of *Madison* county to pay one-half of each military bond, issued by the county, out of the taxes which might be collected on the duplicate of that year. The fact that the board of commissioners contemplated an unlawful

use of the county revenue levied for general purposes, would not make void the order directing the levy. *Board of Commissioners of Harrison County* v. *McCarty*, 27 Ind. 475.

It is claimed by the appellants' counsel that the county bonds issued under the several orders of the board of commissioners are commercial paper, and valid in the hands of *bona fide* holders. Not being payable at a bank in this State, they are not within the statute. 1 G. & H. § 6, p. 450. By the law as now recognized in this country, monied obligations payable to bearer, and which pass from hand to hand by delivery, are entitled to all the privileges of commercial paper. The bonds in question are payable to bearer, but do not pass by delivery. 1 G. & H. § 20, p. 251. The fact that the bonds in question may have passed by assignment into the hands of *bona fide* holders does not deprive the county of any defense which it would have against the parties to whom they were issued.

The motion to strike out that part of the complaint designated as sections 23, 28 and 29, ought to have been sustained.

In *Nave and Others* v. *King and Others*, 27 Ind. 356, this court held that the proviso to the second section of the act of *March* 3d, 1865, is not a limitation of power, but that the board of commissioners might order an assessment sufficient to meet such liabilities as they matured.

The overruling of the motion to strike out sections 10, 15, 17 and 18 of the complaint was a harmless error, as no relief was granted on the matters therein charged.

The order of the board of commissioners to reimburse *Fall Creek* township for eleven men furnished by her was not legalized by the act of *March* 3d, 1865, and being made without authority of law, is void.

Most of the questions involved in this case have been considered and passed upon by this court, and we adhere to the previous rulings. See *Coffman* v. *Keightley and Another*, 24 Ind. 509; *Oliver* v. *Keightley and Another*, *id.* 514; *The Board of Commissioners, &c.* v. *Bearss*, 25 Ind. 110, and the cases cited above in this opinion.

The judgment is reversed, with costs, and the cause remanded, with directions to set aside all the proceedings subsequent to the motion to strike out portions of the complaint, and to sustain said motion as to that portion thereof designated as sections 23, 28 and 29, and for further proceedings.

*J. Davis, E. B. Goodykoontz* and *J. W. Sansberry*, for appellants.

*H. Craven* and *A. D. Williams*, for appellee.