## PRIEST *v.* FARNEMAN, Treasurer.

SOLDIERS.—*Bounties.*— *County Commissioners.*— *Order of Construed.*—The board of commissioners of a certain county made an order appropriating one hundred and fifty dollars, to be paid out of the military fund thereafter to be created by taxation, to each person who had then, or might thereafter, volunteer in the army of the United States, in obedience to the proclamation of the President calling for volunteers, provided said volunteer was duly credited to the quota of said county; and the order contained a provision, "that if any one so mustered into the service of the United States shall have received from the county or any township thereof any sum, the same shall be deducted from the above amount; and if he shall have received a sum equal to or more than one hundred and fifty dollars from the county or any township on account of such volunteering, then, in that event, he shall receive nothing from this appropriation."

*Held*, in a suit for a mandate to compel the treasurer of said county to pay a warrant issued under said order to a volunteer, that money paid to said volunteer by the citizens of a township in said county out of a fund raised by voluntary contribution, to induce him to volunteer and allow himself to be credited to that township, did not come within said provision of said order.

APPEAL from the Carroll Circuit Court.

GREGORY, J.—This is a proceeding by mandate, to compel the appellee, as treasurer of Carroll county, to pay two warrants, drawn by the auditor of that county, for seventy-five dollars each, dated the 15th of March, 1864, in favor of one Robert F. Priest, one due in one, and the other in two years from date, with interest, payable out of the proceeds of the military fund collected by taxation. The warrants were assigned to the appellant.

There are some questions raised on the pleadings and evidence, but the main question arises on the motion for a new trial, on the ground that the finding was not sustained by the evidence. There does not seem to be any conflict in the testimony. The giving of the warrants, the fact that there was a demand on the treasurer, and that he had in his hands a fund of six thousand dollars on which the warrants were drawn, are not disputed. The only ground of defense attempted at the trial was, that the payee had received one hundred and fifty dollars from certain citizens of Jackson

township, in Carroll county, to induce him to volunteer in the military service of the United States, and allow himself to be credited to that township, so as to relieve it from the then pending draft.

The facts as shown in evidence on this part of the case are about these: certain citizens of Jackson township by voluntary contribution had raised a fund with which they were procuring volunteers, to be credited to their township. They called on the payee and offered him one hundred and fifty dollars to be credited to their township, telling him that in addition he would be entitled to the bounty given by the county. He accepted the proposition and received the one hundred and fifty dollars. And as soon as he could procure the proper certificate, he presented it to the auditor, who issued to him the warrants in question. The order of the board of commissioners of Carroll county, under which the warrants were issued, was made on the 11th of February, 1864, and appropriated one hundred and fifty dollars, to be paid out of the military funds thereafter to be created by taxation, to each person who had then, or might thereafter, volunteer in the army of the United States, in obedience to the proclamation of the President calling for volunteers, provided such volunteer was duly credited to the quota of Carroll county. The order contains this provision: "that if any one so mustered into the service of the United States shall have received from the county, or any township thereof, any sum, the same shall be deducted from the above amount; and if he shall have received a sum equal, or more than one hundred and fifty dollars from the county or any township on account of such volunteering, then, in that event, he shall receive nothing from this appropriation."

It is clear to our minds, that the money paid by the citizens of this township out of a fund raised by voluntary contribution does not come within this provision. It was not the money of the township, and by no means could the township or county be made liable to refund to these citi-

zens the money so advanced. See *Oliver* v. *Keightley,* 24 Ind. 514; *The Board of Com'rs of Miami County* v. *Bearss,* 25 Ind. 110.

The evidence did not sustain the finding, and the court erred in overruling the motion for a new trial.

The proper issue was formed by the denial of the second paragraph of the answer. And under that issue, proof of payment by citizens of Jackson township out of funds raised by voluntary contribution was not proper evidence, and ought to have been rejected.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial, and for further proceedings.

*R. H. Milroy* and *J. H. Gould,* for appellant.

*B. B. Daily,* for appellee.