THE CITY OF AURORA ET AL. *v.* LAMAR ET AL.

CITY.—*Public Debt.*—*Tax to Pay Interest.*—*Statute Construed.*—Under section 58 of the act of March 14th, 1867, "for the incorporation of cities," etc., 1 R. S. 1876, p. 267, the common council of a city incorporated under the general law of this State may levy, and enforce the collection of, a special tax to pay the whole of the interest accrued, whether overdue or not, on the public railroad debt of the city.

SAME.—*Tax Creating Sinking-Fund to Pay Principal.*—*Injunction.*—Under

section 60 of such act, the common council may, in addition to such levy to pay interest, add to such levy not less than five cents on the hundred dollars of the assessed value, to create a sinking-fund to liquidate the principal of such debt. And, where a levy for such purposes is made, it is not rendered illegal or void by the fact that it does not specify the proportion to be applied to the liquidation of each, and is not ground to enjoin the collection of the tax.

SAME.—*Compromise of Debt.—Trustee.—Interest of Common Councilman.—* Where, pursuant to an arrangement between a city and the holder of her bonded public debt, such debt is assigned and transferred, for less than its face value, to trustees appointed by and on behalf of the city, the facts that any of such trustees are, at the time, members of her common council, and contribute voluntarily to a fund for the payment of such bondholder, a sum equal to their proportion of the taxes necessary to pay off such debt, do not, under section 52 of such act, forfeit such debt to the city; nor does it render void a tax levied to pay such debt.

From the Dearborn Circuit Court.

*W. S. Holman* and *J. Schwartz,* for appellants.

*J. D. Haynes* and *J. K. Thompson,* for appellees.

BIDDLE, C. J.—Complaint by the appellees, against the appellants, to enjoin the collection of certain taxes.

The material facts alleged may be stated as follows: .

That the city of Aurora, on the 4th day of August, 1871, passed an ordinance levying a general and special tax for the purposes of revenue; that, on the 7th day of November, 1871, the common council of said city, by an ordinance, pretended to levy a specific *ad valorem* tax, to pay the interest on the bonded railroad debt of the city, and to create a sinking-fund to pay the principal of said debt, and ordered the same to be collected.

The amount of property subject to taxation for the year 1871, in the city of Aurora, was one million one hundred and sixty-eight thousand five hundred and thirty-four dollars, and that the tax so levied to pay interest, and create a sinking-fund, amounts to seventy-four thousand one hundred and twelve dollars and four cents; that the plaintiffs are residents and tax-payers of the city of Aurora, and that their real and personal property was regularly

assessed for the year 1871; that, on the 14th day of November, 1871, the clerk of said city delivered to Adolph Merkle, the treasurer of said city, the duplicate of said taxes, containing the general and special taxes, and also the said special railroad tax, commanding the said treasurer to collect the said special railroad tax by seizure and sale of the personal property of the persons liable to pay said taxes; that the plaintiffs, before the third Monday in March, 1872, severally paid to the said treasurer the several amounts so assessed against them, except the railroad tax aforesaid; that afterwards, on the — day of ——, 1872, the said railroad tax still remaining unpaid, a duplicate of said delinquent taxes was made out and delivered to said treasurer, to be by him collected; that said treasurer is demanding payment of said railroad tax, and has seized the property of the plaintiffs respectively to satisfy the same, and will sell the same for that purpose, unless prevented by a restraining order of this court; that, on the 12th day of September, 1870, Charles W. West, who was the owner of said bonded railroad debt of said city, submitted a proposition to said city to surrender said bonds and the coupons attached thereto, which were not reduced to judgments, and to assign, without recourse, all said bonds, coupons and judgments, which remain unsatisfied, for the sum of sixty-two thousand one hundred dollars, to be paid by said city, or to be deposited to the credit of West in the Bank of the Ohio Valley, on or before the 1st day of April, 1871; which said proposition was accepted by certain of the citizens of said city of Aurora; that said acceptance was signed by John Cobb, Josiah Chambers, Thomas Gaff and Robert Criswell, trustees appointed by the said city of Aurora to redeem and purchase said bonds, coupons and judgments, for the use and benefit of said tax-payers, according to the terms of said acceptance; that the trustees named in said acceptance, except George Sutton, accepted said trust, and that the remaining trustees appointed William E. Gibson

as trustee in the place of George Sutton, which took place before the purchase and transfer of said bonds to said trustees, as aforesaid; that said railroad bonded debt of said city, on the 11th day of April, 1870, was, by the said Charles W. West, assigned and transferred to the said John Cobb, Josiah Chambers, Thomas Gaff, Robert Criswell and William E. Gibson, in trust for the benefit of such of said tax-payers as accepted said proposition, agreeably to the terms of said acceptance; that neither of the plaintiffs accepted said proposition, nor have either of them any interest in said trust; that, on said 11th day of April, 1871, the said West assigned and transferred said bonds, coupons and judgments to John Cobb, Josiah Chambers, Thomas Gaff, Robert Criswell and William E. Gibson, in trust, as aforesaid; that, to enable said trustees to procure said transfer of said bonds, coupons and judgments, a large number of citizens and tax-payers of said city paid into the funds so used the amount severally levied against them by said city in the year 1870, and thereby acquired an interest in said trust; that, at the time of the purchase and transfer of said bonds, coupons and judgments, as aforesaid, John J. Backman and William E. Gibson, one of said trustees, were members of the common council of the said city of Aurora, which fact was known to all of said trustees; that Backman paid into the said fund to purchase said bonds, coupons and judgments, the sum of six hundred and nineteen dollars and fifty cents, which sum was applied in procuring said purchase, whereby said Backman became the owner of an interest in said debt in double the amount so paid by him; that, at the time of said purchase and transfer of said debt, and at the time of the appointment of said trustees, the said Gibson was also a member of the common council of said city of Aurora; that said Gibson paid into said fund, for the purpose aforesaid, the sum of five hundred and fourteen dollars and fifty cents, which sum was applied by said trustees in payment of said

debt, at the reduced rate of fifty cents upon the dollar, as aforesaid, whereby said Gibson became the owner of an interest in said bonded debt; that, by reason of the foregoing premises, the said bonded debt became, and was, forfeited to the said city of Aurora; that the entire interest on the said bonded debt for the year 1871 did not exceed seven thousand dollars; and that said common council, in levying said tax of six per cent., failed to designate what part of the said tax was to pay the interest of said debt, and what part was to be applied in creating a sinking-fund; that said levy was, in fact, made to raise a fund to purchase said bonds, at a discount of fifty per cent. on the dollar, and that the entire purchase of said bonds, except about six thousand dollars, was paid under said pretended levy of taxes for the year 1870, and applied to the purchase of said bonded debt, according to the agreement and transfer by said West to said trustees; wherefore said debt has become forfeited. That the following persons, who were, at the time of the purchase and transfer of said debt, members of the common council of said city, contributed to the fund used in purchasing said debt, namely, John Thumser, eighty-six dollars and forty-five cents; Jacob Peters, thirty-five dollars; Freeman Mulbarger, forty-one dollars and twenty-five cents; Israel Phalin, three hundred and one dollars and seventy cents; and that said sums correspond with the sums assessed against said persons respectively as the tax of each of them; that the amount of said railroad debt is fifty thousand dollars, evidenced by fifty bonds of one thousand dollars each, with the coupons attached thereto, bearing interest at the rate of six per cent. from January 1st, 1852, due twenty-five years after date, and that the larger part of said assessment remains unpaid; that said Backman and Gibson each contributed twelve hundred dollars, in addition to what they had paid before, to make up the deficit of the sixty-two thousand one hundred dollars so paid to West, after applying the amounts so paid

by other citizens and tax-payers, and thereby acquired a further interest in said bonds, coupons and judgments; wherefore the said illegal tax is void. Prayer for a temporary restraining order, and, at the final hearing, a perpetual injunction.

A demurrer to the complaint, alleging the insufficiency of the facts therein stated to constitute a cause of action, was overruled, and exceptions to the ruling reserved.

The city of Aurora then answered:

1. A general denial;

2. A special paragraph.

A demurrer to the special paragraph, for the want of sufficient facts to constitute a defence, was sustained, and exceptions reserved.

The general denial was then withdrawn by the city, and a judgment rendered upon demurrer, perpetually enjoining the collection of the taxes so assessed and unpaid, according to the prayer of the complaint.

It is contended by the appellees, that the city of Aurora could not assess a tax to pay the interest on the bonded debt, which had accumulated in years previous to the assessment, but that the assessment must be made annually to pay the annual interest as it accrues.

We do not take this view of the case. Section 58 of the act under which cities may be incorporated, 1 R. S. 1876, p. 297, after granting the general power to cities to assess taxes, also enacts, that "There may also be levied and collected annually, an additional tax to pay the whole interest of the public debt due from said city." This power is general. To say that a city can not levy a tax to pay its accumulated interest, as contended for by the appellees, would be to compel it to repudiate all its back interest, or open a very easy way to repudiation, by simply refusing to assess an annual tax to pay the current interest on its debt.

The appellees also insist, that, as the city of Aurora assessed the tax to pay her back interest, and also to

create a sinking-fund, without distinguishing what part of the tax was for the purpose of paying such interest, and what part was for the purpose of creating a sinking-fund, the assessment is void. We have arrived at a different conclusion. The latter part of section 60 of the act cited authorizes the common council to add to the duplicate a levy sufficient to pay the annual interest on such debt, with an addition of not less than five cents on the one hundred dollars, to create a sinking-fund for the liquidation of the principal of the debt.

The omission to make such distinction by no means renders the assessment void or illegal; and, to authorize an injunction against the collection of a tax, the assessment must be illegal and void. For a mere irregularity, an injunction will not lie. *The Board of Comm'rs, etc., v. McCarty,* 27 Ind. 475; *The Board of Comm'rs, etc., v. Brown,* 28 Ind. 128; *The Board of Comm'rs, etc., v. Elston,* 32 Ind. 27; *Hamilton v. The City of Fort Wayne,* 40 Ind. 491; *The City of Mount Vernon v. Hovey,* 52 Ind. 563.

It is also claimed by the appellees, that, as the complaint alleges that Backman and Gibson, at the time of the purchase of the bonded debt from West for a less sum than the amount specified therein, were members of the common council, and contributed a portion of the means which were applied towards the payment of said purchase, therefore the entire bonded debt is forfeited to the city of Aurora.

In the latter part of section 52 of the act above cited, it is enacted, that " No officer of such city shall purchase any bond, order, claim or demand whatever against such city during his continuance in office for any sum less than the sum specified therein, and any bond, order, claim or demand purchased by any officer of such city in contravention of the foregoing provisions, shall be forfeited to such city, and no action shall ever be maintained thereon."

The proposition from West, in this case, to transfer his debt for a less sum than was expressed therein, as shown

by the averments in the complaint, was made to the city of Aurora; it was accepted by the city of Aurora through trustees appointed by the city for that purpose; it became, therefore, the contract of the city of Aurora with West, and not the contract of any officer of such city. It is not alleged, that either of the trustees first appointed, and who accepted the proposition of West, was ever an officer of the city, except to perform the office of such trust. The fact that some of the citizens and tax-payers, who contributed to the purchase of the bonded debt from West, were officers of the city at the time, will not destroy the debt in the hands of the trustees appointed by the city of Aurora. The contract between West and the city, as set forth in the complaint, is not in violation of section 52 of the act cited. The construction of the section contended for by the appellees would prevent cities from adjusting their debts with their creditors, through the intervention of a third person, at any less sum than that expressed on their face; for it would be impossible for a city to so agree with her creditors without acting through and by some of her officers or agents.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.

### ON PETITION FOR A REHEARING.

BIDDLE, C. J.—The appellees still insist, in their petition for a rehearing, that the debt of the city of Aurora, according to the facts averred in their complaint, has become forfeited to the city, and that no action can be maintained thereon. Upon this point, after the most careful deliberation, we are still satisfied with the opinion already delivered in the case.

The remaining part of the petition seems to be based upon the ground that the opinion we have rendered de-

cides that the persons to whom, under the agreement with West, the debt of the city of Aurora was transferred, can enforce the entire debt against the city, for their own benefit. We have decided nothing of the kind. There was no such question before us. We have simply decided that the debt was not forfeited to the city, and therefore that the tax levied to pay it was not void, and could not be perpetually enjoined. Should the persons to whom West transferred the debt, under the agreement set forth in the complaint, attempt to enforce the collection of the entire amount against the city, for themselves or for the benefit of others, the law will doubtless take care of the rights of all concerned; and should such a question ever be properly presented to us, it will then be our duty to decide it.

The petition is overruled.