THE BOARD OF COMMISSIONERS OF ADAMS COUNTY *v.* MERTZ.

SOLDIERS' FAMILIES.—BOUNTIES —An order of the board of county commissioners, appropriating a certain sum per month to the family of each soldier who should enter the service of the *United States* from the county, was authorized by the act of *May* 11, 1861.

SAME.—PARTIES.—The soldier is the proper party to sue for such allowance.

SAME.—CONTRACT.—Such an order constitutes a contract with those who entered the service in pursuance of it, and cannot be rescinded or modified by any subsequent order of the board, to which the soldier does not consent.

SET-OFF.—COUNTY ORDERS.—To a suit against a county to recover the amount unpaid under an order of the board appropriating money to the support- of soldiers' families, the defendant pleaded, by way of set-off, that the plaintiff was indebted to the county for four county orders, issued to plaintiff.

*Held,* that the answer was bad, for want of an averment that the orders had been procured through fraud or mistake. The legal presumption being, the county not being authorized to loan its orders, that the orders were issued for a purpose authorized by law.

DISCHARGE OF SOLDIERS.—EVIDENCE.—The certificate of discharge issued to a soldier of the *United States,* on his muster-out, is legal evidence of the fact of such discharge.

APPEAL from the *Adams* Circuit Court.

GREGORY, J.—*Mertz* filed his claim before the Board of Commissioners of *Adams* county, in which he represented that on the 12th of *August,* 1862, he was a resident of that county, and that on that day he enlisted in company "I" of

the 89th regiment of *Indiana* volunteers, in the service of
the *United States,* for three years or during the war; that on
the 9th of *August,* 1862, the board made, and caused to be
entered of record, an order, by which it was provided that
there should be paid to the wife of each soldier so volun-
teering, the sum of five dollars per month, during the time
of his service; that the claimant was the head of a family,
consisting of himself and his wife, *Mary Jane Mertz,* and
that under said order he was entitled to receive five dollars
per month, to be paid to his wife, during the time he re-
mained in the service; that there had been, pursuant to the
order, paid to his wife five dollars per month, from *Septem-
ber,* 1862, to *May,* 1863, both inclusive; that before and
after the 9th of *August,* 1862, and up to the time of filing
the claim, he and his wife had lived together as husband and
wife; that they were then, and at all times since that day
had been, residents of *Adams* county, and had not at any
time lived separate and apart, except during the time he
had been necessarily absent from home, in the service; that
he entered the service as a soldier from *Adams* county, in
pursuance of said order, and in consideration thereof, and
with a view of obtaining for his family the monthly allowance
then promised; that on the 16th of *September,* 1862, *Henry
Banta,* the captain of said company "I," filed in the office
of the auditor of said county, a copy of the muster roll of
said company, and that the claimant was enrolled thereon,
and said *Mary Jane Mertz* was enrolled thereon as his wife,
in the list of the members of claimants' families; that on the
3d of *June,* 1863, the board passed another order, making
said allowance two dollars, instead of five dollars, and pur-
porting to rescind the order of the 9th of *August,* 1862;
that claimant remained in the service from the time of his
enlistment until the 19th of *July,* 1865, when he was honor-
ably discharged; that there had been paid to his wife since
*June* 1st, 1863, $50; that by the order of the 9th of *August,*
1862, there was due him, as the head of the family, to be
paid as directed in said order, from the 1st of *June,* 1863,

to the 1st of *August*, 1865, $125, $50 of which had been paid as aforesaid, and $75 of which remained unpaid and was due to him; that both himself and his wife had demanded orders for the same of the auditor of said county, who had refused to issue them. Copies of the orders were filed with the claim.

The order of the 9th of *August*, 1862, is as follows: "Ordered, that each person who may volunteer in a company raised in the county, be allowed the sum of $100 bounty, and that to each head of a family there be paid to the wife, monthly, the sum of five dollars, during the term said volunteer is in the service, and one dollar for each child in his family, under the age of fourteen years." The claim was sworn to by the claimant. The board refused to allow the claim, and *Mertz* appealed to the court below. The appellant moved to dismiss the appeal, which motion was overruled. The appellant then demurred to the complaint, first, for want of sufficient facts; second, for defect of parties plaintiff, in not making the wife a co-plaintiff. The demurrer was overruled. The defendant then moved to dismiss the cause, which motion was overruled, and the defendant filed an answer in three paragraphs. The first is the general denial. A demurrer to the second was overruled. The third avers that the plaintiff is indebted to the defendant in the sum of $100, for four county orders issued to the defendant, of $25 each, two of them payable one year after date, and two of them payable two years after date, which orders were drawn upon the treasury of the defendant, and paid out of said treasury, a part of them to the plaintiff, and a part of them to other persons, at his request. A demurrer was sustained to this paragraph. The claimant filed a reply to the second paragraph of the answer. The issues thus formed were submitted to a jury. Finding for the plaintiff. Motions for a new trial and in arrest were overruled. Final judgment for the plaintiff. The testimony is in the record. During the progress of the trial, the plaintiff, over

the objection of the defendant, introduced in evidence his discharge from the service of the *United States*, as such volunteer.

The main question in the case in judgment is, had the county commissioners the power to rescind or modify their order of the 9th of *August*, 1862, during the time the claimant remained in the service of the *United States*, under his enlistment, entered into under and in consideration of said order?

By the act of *May* 11, 1861, it is provided "that the boards of commissioners of the several counties of the State," &c., "be, and they are hereby authorized to appropriate out of their respective county treasuries, such sums of money as they may deem proper, for the protection and maintenance of the families of volunteers in the army of the *United States*," &c., "during their continuance in such army." Acts 1861, Spec. Ses., § 1, p. 21. We do not think that this is a law for the support of the poor, but that it can be maintained upon the same principle, and is of the same class, as the state laws giving bounties to persons enlisting in the service of the *United States*. We think this statute empowered the commissioners to make the order of the 9th of *August*, 1862, so far as the maintenance of the claimant's family was concerned. And it is clear to a majority of this court, that the facts averred in the complaint, and proven on the trial, made this order a contract with the claimant, and that no subsequent order of the commissioners, without the consent of the appellee, could change it.

We think the court below committed no error in overruling the motions to dismiss the appeal and the case. 1 G. & H., § 31, p. 253.

The demurrer to the complaint was rightly overruled. The claimant was the proper party plaintiff. It was with him the contract was made. It was his duty to support his family, and for a violation of a contract made by him for that purpose, he is the party entitled to sue.

The third paragraph of the answer is clearly bad. It is not averred that the county orders were procured by fraud, or that they were issued by mistake. The county had no power to loan its orders, and the legal presumption is that the county officers did their duty; this presumption must be overcome by an averment.

The discharge was rightly admitted in evidence. The rules and regulations of the army of the *United States* are, by act of Congress of *August* 23, 1842, made the law of the land. *Root* v. *Stevenson's Adm'r*, 24 Ind. 115. This certificate of discharge was issued by authority of law, and was legal evidence of the discharge of the claimant from the service of the *United States*.

The verdict of the jury was sustained by the evidence, and the court below committed no error in overruling the appellant's motion for a new trial. The motion in arrest was rightly overruled.

The judgment is affirmed, with costs.

FRAZER, J., *dissenting.*—The act of *May* 11, 1861, did not, in my opinion, confer upon the county commissioners any power to make contracts based upon the consideration that the party contracted with would enter the military service of the *United States*. It would follow, that whatever order was made for the allowance of a given sum per month to maintain the family of the soldier, might be at any time increased or diminished, at the discretion of the board, and as the circumstances might indicate to be proper. Without the power to contract, it was impossible to do anything which could operate as a contract. The commissioners have such powers only as the statutes give, expressly or by implication, and in the authority to make appropriations, "as they may deem proper," for the maintenance of soldiers' families, I am unable to perceive any power to surrender the discretion as to the amount to be thus expended, which is clearly given by the very words of the act. This conclusion, inevitable, as it seems to me, from the statute itself, cannot

be affected by the fact that, in the given case, the discretionary authority was so exercised as to put in doubt the good faith of the board of commissioners. If the law gave the power over the subject to the board, it is not competent for any other tribunal to determine whether, or how, it should be exercised.

Entertaining these views, I cannot concur with the majority of the court in affirming the judgment.

*D. Studebaker*, for appellant.

*J. R. Bobo*, for appellee.