## THE BOARD OF COMMISSIONERS OF MONROE COUNTY *v.* WOOD.

SOLDIERS.—*Bounty.*—An order was passed by the board of commissioners of Monroe County, that they "agree and do give to each volunteer from Monroe county, under the present call for," etc., a certain sum to be paid in cash or county orders, "upon the full quota being made up and mustered into the service of the United States." This order was amended, "so that each man volunteering, and being legally mustered into the service of the United States shall be entitled to and receive a warrant on the treasury of Monroe county for one hundred dollars; said warrant to be issued whenever satisfactory proof is made to the auditor that said volunteer has been duly mustered into the service of the United States."

*Held,* that the first order entitled the volunteer who complied with the order to the bounty, upon the full quota of the county being made up. The amended order did not take away the right to the bounty given in the original order, but left out the condition as to making up the quota in full. It authorized the

auditor to issue the warrant on satisfactory proof made before him; but this did not make the furnishing of such proof to the auditor a condition precedent to the right of the volunteer to receive the bounty, or to his right of action to recover it.

*Held*, also, that where a citizen of Monroe county volunteered while these orders were in force, and was mustered into service and credited to Monroe county, the right to the bounty was made out.

SAME.—*Repeal of Order.*—On March 11th, 1864, these orders were repealed, and it was "directed that no order or warrant be issued to any person who shall volunteer in the service of the United States, or who shall be mustered into said service after this date."

*Held*, that the repealing order could not defeat any right acquired by a volunteer under the repealed orders prior to the date of the repeal.

APPEAL from the Monroe Common Pleas.

WORDEN, J.—Complaint by the appellee against the appellant, alleging the following facts: that on the 17th of November, 1863, the defendant passed the following order, viz.: "On motion, the said board, after mature consideration and consultation with prominent citizens and tax-payers of Monroe county, agree and do give to each volunteer from Monroe county, under the present call for one hundred and forty-three men, one hundred dollars each; the said amount as bounty to be paid in cash or county orders upon the full quota being made up and mustered into the service of the United States."

At the December session of the board, 1863, the following order was made by said board: "On motion, it is ordered by the board, that the order made at the special term of this court allowing one hundred dollars to each man volunteering under the late call of the President of the United States, whenever one hundred and forty-three men, the quota of Monroe county, shall be received and mustered into the service of the United States, be and the same is hereby amended, so that each man volunteering and being legally mustered into the service of the United States, shall be entitled to and receive a warrant on the treasurer of Monroe county for one hundred dollars; said warrant to be issued whenever satisfactory proof is made to the auditor that said

volunteer has been duly mustered into the service of the United States."

At the March term, 1864, the board made the following order: "And now, on motion, it is ordered by the board that the said order and amended order be and they are hereby repealed, and it is directed that no order or warrant be issued to any person who shall volunteer in the service of the United States, or who shall be mustered into said service after this date. Signed, one o'clock, March 11th, 1864."

That, in accordance with the amended order, and by reason thereof, and while the same was in force, to wit, on the 29th day of December, 1863, said plaintiff enlisted and was duly mustered into the military service of the United States, and credited to said county of Monroe; that said plaintiff demanded of the auditor of said county and of the board of commissioners, after making satisfactory proof to them that he had been duly mustered into the military service of the United States and credited to said county of Monroe, a warrant on the treasurer of said county for one hundred dollars, to which he was entitled under said order, which demand was refused; wherefore, etc.

The defendant demurred to the complaint, for the want of facts sufficient, etc., but the demurrer was overruled and defendant excepted.

The general denial was filed, and the cause tried by the court. Finding and judgment for the plaintiff, a motion for a new trial interposed by the defendant having been overruled.

The cause was submitted on an agreed statement of the facts, as follows: "For the purposes of this trial, the following was agreed upon as the facts in the cause." (Here follows a statement of the passing of the orders by the board as they are set out in the complaint.) "That said Emsley Wood was a resident of Monroe county, Indiana; that on the 20th day of December, 1863, said Wood enlisted, and on the 29th day of December, 1863, was duly

mustered into the service of the United States for the term of three years, as a corporal of company G, thirty-eighth regiment of Indiana volunteers, and credited to Monroe county, Indiana; that the quota of said county at that time was not full; that said Wood, being absent from home in the service of the United States, did not apply for said one hundred dollars bounty offered by said county, or notify the auditor thereof that he intended to claim said bounty, for three or four months after the repeal of said order on the 11th day of March, 1864, and after the quota of said county had been filled; that said soldier remained in the service of the United States until the close of the war, when he was duly discharged."

Error is assigned upon the ruling below in overruling the demurrer to the complaint, and also upon the overruling of the motion for a new trial.

The two questions thus raised may be considered together, as the complaint is abundantly good, if the facts, as agreed upon, are sufficient to entitle the plaintiff to recover.

The repealing order of the board of the date of March 11th, 1864, cannot defeat any right acquired by a volunteer under the repealed orders prior to that date. Indeed, the repealing order was not intended to work any such result; for, while the former orders were in terms repealed, it was ordered that no order or warrant be issued to any person who should volunteer, etc., after that date, leaving the implication irresistible that it was intended that orders or warrants should be issued to those who had previously volunteered, etc., in accordance with the former orders.

But it is insisted, as we understand from the brief of counsel for the appellant, that as the complaint does not show that the appellee made the satisfactory proof to the auditor that he had been mustered into the service, etc., before the repealing order was made, it is insufficient, and that the demurrer should have been sustained. It is also insisted that, as the evidence fails to show that such proof was made

to the auditor at any time, the case was not made out, and the motion for a new trial should have prevailed.

We think it quite clear that the complaint was good, and that though the volunteer be required to furnish to the auditor the proof specified in the amended order of the board before the auditor could be required to issue the warrant, still that proof could be furnished after the repealing order as well as before.

The repealing order did not, in our opinion, have the effect of cutting off the right of those who had volunteered, etc., under the former orders, but who had not then furnished the proof to the auditor.

The case was made out by the evidence. The agreed statement of facts shows that the appellee had done every thing necessary to be done in order to entitle him to the bounty, although it does not show that he furnished the satisfactory proof to the auditor before bringing this suit. We construe the orders of the board as follows: the first order entitled the volunteer who complied with the order to the bounty, upon the full quota of the county being made up. The amended order did not take away the right to the bounty as provided for in the original order, but it left out the condition as to making up the quota in full; and it provided for the issuing of the warrants by the auditor when satisfactory proof should be made before him of the necessary facts. This was a matter of convenience. The auditor was authorized, upon satisfactory proof being made before him to issue the warrants, without referring the matter to any other authority or tribunal; but this does not make the furnishing of such proof to the auditor a condition precedent to the right of the volunteer to receive the bounty, or to his right of action to recover it. Doubtless a writ of mandate would not lie against the auditor to compel him to issue the warrant until the proof had been made before him, because until then he would not be authorized or required to issue the warrant. The right of the soldier to the bounty would not be established, and the auditor would have no

right to pass upon it, except upon the terms of the proof being made before him. But the right of the auditor to hear proof, and upon that to issue the warrant, does not deprive the soldier of his right to the bounty, nor of his right to resort to the courts for the purpose of establishing his right thereto.

A contrary construction would, or might, work results that could not have been intended by the board of commissioners, as is to be gathered from the orders in question. If the soldier is not entitled to the bounty until he has furnished to the auditor "satisfactory proof," then the auditor is made the sole arbiter of the question. The proof must be satisfactory to the auditor, or the soldier is not entitled to the bounty. No matter how satisfactory the proof might be to the ordinary tribunals of the country, if it did not satisfy the auditor, the soldier would have no remedy.

We think the just and legal interpretation of the orders in question is, that the auditor is authorized to issue a warrant when satisfactory proof is made before him of the necessary facts, and that otherwise he is not, but the soldier is left to assert his right to the bounty in some other way, as by application to the board itself, or by suit in the courts, where he can make the necessary proof.

But it is insisted by the counsel for the appellant that the case is not made out in another respect. They state the point as follows: "In this case there was a specific offer of a certain sum, on specific terms, at a certain time or between certain days. To make the county liable, something more was necessary than the doing of some act within the description of acts sought to be induced by the offer. The act done must have been performed not only with a view to complying with the terms of the offer, but in such manner as that the assent of the county, through its agents, could be at least fairly inferred to the particular act. The act, the thing done, it must be shown, was moved by the county, be done at its instance, or be subsequently adopted and accepted by the county, or there can be no liability of the county."

We are of opinion that, as the agreed statement of the facts shows that the appellee was a citizen of Monroe county, and that before the repealing order of the board was passed, he volunteered under the call of the President for troops, and was mustered into the service and credited to Monroe county, the case was abundantly made out. The appellee complied strictly with the terms of the offered bounty, and were it necessary, it might be fairly presumed that in entering the service and being credited to Monroe county, he acted with a view to the bounty offered. On the other hand, the county may well be presumed to have assented to his thus entering the service, and being credited to that county, as that was the precise object for which the bounty was offered, and the county was to that extent relieved from the call for troops. But we doubt whether either of these presumptions is necessary to make out the case. It is laid down in 1 Story Con., sec. 380 *a*, that "the offer of a reward or compensation for the performance of any service, as, for instance, for the finding and returning of money or any lost article, is a case of a conditional promise; and if any one coming within the terms of the offer shall, before its revocation, perform the service, a legal and binding contract arises to pay the reward." See *Wentworth* v. *Day*, 3 Met. 352; *Freeman* v. *City of Boston*, 5 Met. 56.

In *Harson* v. *Pike*, 16 Ind. 140, it was decided that it is not necessary that notice should be given to the party offering the reward that his proposal is being acted upon; and in the case of *Dawkins* v. *Sappington*, 26 Ind. 199, it was held, that a person performing the service for which a reward was offered, was entitled to the reward, although he did not know, at the time of the performance, that it had been offered, and, of course, was not actuated by it.

The judgment below is affirmed, with costs.

BUSKIRK, C. J., having been of counsel in the cause, was absent, when it was considered.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*J. H. Louden* and *J. M. McCoy*, for appellee.