Sithin v. The Board of Commissioners of Shelby County.

---

## SITHIN *v.* THE BOARD OF COMMISSIONERS OF SHELBY COUNTY.

| 66 | 109 |
| 142 | 364 |
| 66 | 109 |
| 152 | 217 |
| 152 | 218 |
| 66 | 109 |
| 155 | 149 |

SOLDIERS' BOUNTIES.—*Order by County Commissioners not lawfully in Session.—Curative Act.—Constitutional Law.*—By the 1st section of the act of March 3d, 1865, 3 Ind. Stat., p. 565, legalizing the acts of boards of .county commissioners in issuing bonds and making appropriations to pay

Sithin *v.* The Board of Commissioners of Shelby County.

bounties to volunteers in the war of 1861, orders made by a board of county commissioners, though not lawfully in session, offering bounties to volunteers to be credited on the quota required of the county, were made valid, and a volunteer thereafter enlisted and properly credited to such county may compel payment of the bounty so offered.

SAME.—*Interest.—Demand.*—Interest is recoverable in such action, on the amount of the bounty offered, from the date of a demand duly made for the bounty.

SAME.—*Statute of Limitations.—Answer.*—The basis of such action being the order of record, offering the bounty, an answer of the statute of limitations of six years is insufficient.

SAME.—*Payment to Third Person.—Notice.*—An answer alleging that the bounty offered had been paid to other volunteers than the plaintiff, being the full quota of the county, without notice of his enlistment, but not averring the enlistment of the plaintiff to have been after the quota had been filled, is insufficient.

SAME —*Voluntary Enlistment in Ignorance of Offer.*—The fact that the plaintiff was ignorant of the fact that such a bounty had been offered, until after his enlistment, does not discharge the county.

From the Shelby Circuit Court.

*A. L. Roache* and *E. H. Lamme,* for appellant.

*A. Blair, E. P. Ferris* and *W. W. Spencer,* for appellee.

WORDEN, C. J.—Complaint by the appellant, against the appellee, to recover the amount of a bounty offered by the defendant to volunteers enlisting in the military service of the United States in the war of the late Rebellion, to supply the quota allotted to the county of Shelby. The orders of the board offering the bounty need not be here stated, as they will afterward appear in this opinion in stating the facts found by the court; nor, for the same reason, need the facts alleged in the complaint be here more fully stated.

The defendant answered:

1. By general denial.

2. The statute of limitations of six years.

3. In substance, that the board made the order bearing date November 2d, 1863, and that under that order forty-nine men proved to the satisfaction of the auditor that they were entitled to the provisions of the order, and

received from the defendant the one hundred dollars offered by the board ; and that, after the order of December 17th, 1863, set out in the complaint, was made, two hundred and five men, in addition to the forty-nine men above stated, appeared before the auditor of Shelby county, Indiana, and proved to his satisfaction that they had enlisted and were credited to Shelby county, Indiana, and each of them received the two hundred dollars provided for in the order of the last mentioned date ; that this money was all paid by the defendant before it had any notice of plaintiff's enlistment, and before plaintiff had made any application for payment ; and that no other bonds, orders or evidence of indebtedness, etc., were ever afterward issued to the plaintiff, or any one else for that purpose, and it prays judgment.

4. In substance, that the plaintiff voluntarily enlisted, without any knowledge of the orders set out in the complaint until long after he enlisted and was credited to Shelby county, Indiana ; and that, before the defendant knew of the plaintiff's enlistment, and that he had been credited to Shelby county, Indiana, it had paid out and issued all the funds provided in each of said orders to persons to the number of two hundred and fifty-four, who had satisfied the county auditor of Shelby county, Indiana, that they had enlisted and had been credited to said Shelby county, under the order aforesaid ; and that no orders or bonds or other evidence of indebtedness were ever issued to the plaintiff or any other person, under either of said orders, etc. Wherefore, etc.

5. In substance, that the orders of the board set out in the complaint were made without authority of law ; and that, neither prior to the 3d day of March, 1865, nor afterward, had the defendant issued any bonds, orders or other evidence of indebtedness to the plaintiff, or any other person or persons, to pay bounties to volunteers or drafted

men who have entered the military service of the United States, etc.; and that no subsequent order has ever been made ratifying the orders set out in the complaint; and that the orders aforesaid are not within the act legalizing the action of the board of county commissioners in that regard, approved March 3d, 1865. Wherefore, etc.

Demurrers for want of sufficient facts were sustained respectively to the several paragraphs of answer except the first, the general denial, and the defendant excepted. The cause was submitted to the court for trial, who, at the request of the parties, made a special finding of the facts, and stated his conclusions of law thereon, as follows:

"On the 2d day of November, 1863, James J. Curtis, Henry Buck and John McConnell, then the acting commissioners of Shelby county, met at the court-house in the city of Shelbyville, Indiana, and the following is a full and complete transcript of the record and proceedings of said board, as the same appear of record on page 246 of the commissioners' record of said county called E of the records of said board, which is as follows, to wit: 'At a called session of the Board of Commissioners of Shelby county, Indiana, began and held at the court-house in Shelbyville on Monday the 2d day of November, A. D. 1863,—Present, the Honorables James J. Curtis, Henry Buck and John McConnell, Commissioners.

"'"Whereas, at a meeting of the citizens of Shelby county, Indiana, held at the court-house in the city of Shelbyville, the following proceedings were had, to wit:

"'" Whereas the President of the United States has made a requisition upon the Governors of the loyal States for three hundred thousand volunteers, and whereas the quota allotted to Shelby county under said call is two hundred and fifty-four men; now, therefore, resolved that the county commissioners are hereby requested to offer a bounty for the purpose of facilitating volunteering, and that a tax be levied upon the taxable property of the county to pay

the same; and be it further resolved, that the proposed bounty shall be in any sum in the discretion of the Board of Commissioners, not less than one hundred dollars."

" 'Wherefore it is ordered by the board that a bounty of one hundred dollars be paid to each and every volunteer, to fill up the quota of Shelby county under the last call of the President of the United States, so soon as said volunteer shall be mustered and sworn into the service of the United States. And the board now adjourns.

" 'Commissioners, { HENRY BUCK,
JOHN McCONNELL,
JAMES J. CURTIS.'

"That no evidence was introduced showing how or in what manner the board came together, whether by notice from the auditor, clerk or recorder, or upon their own motion; that, in the absence of any evidence to the contrary, I conclude that they came together upon their own motion and not in pursuance to notice as provided in 'An act providing for called special sessions of Boards of County Commissioners.'

"That the limit of the term of the commissioner's court in Shelby county, under section 6, p. 351, of Statutes of Indiana (Davis), entitled 'An act providing for the organization of county boards, and prescribing some of their powers and duties,' approved June 17th, 1852, was and is a term of nine days.

"That the said board met in regular session on the first Monday of December, A. D. 1863, the same being the 7th day of December, and continued in session each day of that week until Saturday, when they adjourned over until Tuesday morning, December 15th, 1863, when they met and transacted business on Tuesday and Wednesday, and upon their own motion adjourned over until Thursday morning, December 17th, without any call from competent authority calling them together, and upon

Thursday, while thus in session, they made the order last named in the complaint. The opening and adjourning orders for each day, and the full and complete record of proceedings upon Thursday, December 17th, 1863, making the order in question, are as follows, as copied from the commissioners' record: 'At a term of the Court of Commissioners of Shelby county, in the State of Indiana, began and held at the court-house in. Shelbyville, in.the county and State aforesaid, on Monday, the 7th day of December, A. D. 1863. Present, the Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. The board now adjourn until Tuesday morning at nine o'clock A. M., on account of the death of the wife of S. L. Vanpelt, Auditor.

" ' Tuesday morning, nine o'clock, December 8th, 1863. Present, same board as yesterday, and the board now adjourn until nine o'clock to-morrow morning.

(Signed,)        " ' HENRY BUCK,
" ' JOHN McCONNELL,
" ' JAMES J. CURTIS.

" 'Wednesday morning, nine o'clock, December 9th, A. D. 1863. Court in session pursuant to adjournment. Present, the Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. And the board now adjourn until nine o'clock to-morrow morning.

(Signed,)        " ' HENRY BUCK,
" ' JAMES J. CURTIS,.
" ' JOHN McCONNELL.

" ' Thursday morning, nine o'clock, December 10th, A. D. 1863. Court in session pursuant to adjournment. Present, the Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. And the board now adjourn until nine o'clock to-morrow morning.

(Signed,)        " ' HENRY BUCK,
" ' JOHN McCONNELL,
" ' JAMES J. CURTIS.

Sithin *v.* The Board of Commissioners of Shelby County.

" ' Friday morning, nine o'clock, December 11th, A. D. 1863. Court in session pursuant to adjournment. Present, Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. And the board now adjourn till nine o'clock to-morrow morning.

(Signed,)   " ' HENRY BUCK,
      " ' JOHN MCCONNELL,
      " ' JAMES J. CURTIS.

" ' Saturday morning, nine o'clock, December 12th, A. D. 1863. Court in session pursuant to adjournment. Present, Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. And the board now adjourn until nine o'clock Tuesday morning, December 15th, 1863.

(Signed,)   " ' HENRY BUCK,
      " ' JOHN MCCONNELL,
      " ' JAMES J. CURTIS.

" ' Tuesday morning, nine o'clock, December 15th, A. D. 1863. Court in session pursuant to adjournment. Present, Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. And the board now adjourns until nine o'clock to-morrow morning.

(Signed,)   " ' HENRY BUCK,
      " ' JOHN MCCONNELL,
      " ' JAMES J. CURTIS.

" ' Wednesday morning, nine o'clock, December 16th, A. D. 1863. Court in session pursuant to adjournment. Present, Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners. And the board now adjourn till to-morrow morning at nine o'clock.

(Signed,)   " ' HENRY BUCK,
      " ' JOHN MCCONNELL,
      " ' JAMES J. CURTIS.

" ' Thursday morning, nine o'clock, December 17th, A. D. 1863. Court in session pursuant to adjournment. Present, Hons. Henry Buck, John McConnell, James J. Curtis, Commissioners.

" ' In the matter of the petition of sundry citizens of Shelby county for the increase of bounty offered to volunteers. Now at this time comes Thomas A. McFarland and files the following petition, to wit:

" ' " To the Honorable Board of Commissioners of Shelby County:

" ' " The undersigned, citizens of Shelby county, would respectfully recommend to your honorable board that they believe that it is important and necessary that an additional bounty of one hundred dollars be offered to volunteers to fill Shelby county's quota under the last call of the President, making bounty in all two hundred dollars, whereby a number, in our judgment, will volunteer that otherwise would not, and save men to our credit in the quota of the county, that will leave and volunteer in adjoining counties that are paying larger bounties than is offered in Shelby county; believing that an emergency exists for immediate action in this matter, and that it is only necessary for you to be advised of the same, and that you will promptly respond. For which your petitioners will ever pray, etc.

(Signed,)     " ' " ALEXANDER CORY,<br>
" ' " ALFRED MAJOR,<br>
" ' " JOHN ELLIOTT,<br>
" ' "And 290 others."

" 'And said petition being read, and the board being sufficiently advised, do now consider it expedient, for the purpose of encouraging volunteering, to offer a bounty of one hundred dollars, in addition to the one offered by this board on the 2d day of November, A. D. 1863.

" 'Therefore it is ordered by the Board, that each and every volunteer, volunteering under the last call of the President of the United States to fill Shelby county's quota, to the number not exceeding two hundred, be allowed and paid the sum of one hundred dol-

lars in addition to the one hundred dollars heretofore allowed by this board, to be paid in a county bond of Shelby county, Indiana, payable in two years and bearing interest at the rate of six per cent. per annum from date of issuing: *Provided*, however, that all volunteers that have received a bounty of one hundred dollars from the several townships that have offered a bounty in addition to the one offered by this board November 2d, 1863, be not allowed additional bounty offered by this board.

" 'And it is further ordered by the board that the township that has paid a bounty of one hundred dollars in addition to the bounty of one hundred dollars offered November 2d, 1863, by this board, have the same refunded by Shelby county.

" 'And it is further ordered, that two hundred and fifty-four county bonds be issued in the sum of one hundred dollars each, to be placed in the hands of the auditor, to be dated by him at the date called for, and to be by him delivered to all volunteers under the last call of the President of the United States upon their producing the proper certificate of the mustering officer that they have been regularly mustered into the United States' service.

" 'Ordered by the board, that the auditor be and he is hereby authorized to issue, to each and every volunteer to fill the quota of Shelby county under the last call of the President of the United States, a county order for the sum of one hundred dollars for bounty offered by this board November 2d, 1863, upon such volunteer filing with said auditor the proper certificate of the mustering officer, that he was regularly mustered into the United States' service: *Provided*, however, that no order be issued to such volunteers as have already received such order. Said orders, to be issued are not to exceed in number two hundred and five (205). And the board was adjourned until nine o'clock to-morrow morning.

(Signed,)    " 'HENRY BUCK,
            " 'JOHN McCONNELL,
            " 'JAMES J. CURTIS.'

" That on the 1st day of January, 1864, the plaintiff, while at Indianola, Texas, having served a term in the army, re-enlisted in Co. K. 18th Indiana Volunteers, in the war of the Rebellion and was credited to Jackson. township, Shelby county, Indiana.

"That a short time previous to the 1st day of January, 1864, the colonel of the regiment to which plaintiff belonged read, in the presence of the plaintiff and command an article from a Shelbyville paper, stating that this bounty had been offered. The plaintiff returned home about the 9th of July, 1864, and in a short time presented himself to S. L. Vanpelt, the then acting Auditor of Shelby county, and asked him if there was a bounty paid in for him; to which Vanpelt asked what regiment he belonged to, and the plaintiff informed him he belonged to Co. K. 18th Indiana volunteers; to which Vanpelt said there was nothing for him that he knew of.

" A few days before this action was commenced, Mr. Lamme appeared before the Board of Commissioners and demanded for Jesse Sithin, the plaintiff, the sum of two hundred dollars claimed to be due plaintiff upon the foregoing order, which sum the commissioners refused to pay, and this action was brought to recover upon the two orders above set out.

" I deduce the following conclusions of law, as applicable to the foregoing facts:

" 1.    The action of the Board of Commissioners on the 2d day of November, 1863, without being part of a regular session or called together pursuant to statute in special session, they were not authorized to act or make the order in question, and the defendant is not estopped to repudiate the pretended action of the board and are not bound thereby.

" 2. The term of commissioners' court in Shelby coun-ty, being limited to nine days, means nine consecutive days, excluding Sunday, and upon Wednesday, December 16th, 1863, the term of the court had expired by limitation, be-ing the full nine days, and the adjournment of the court to Thursday morning, December 17th, 1863, upon motion of the court, was illegal, unauthorized, and the order made upon that day was absolutely void and not binding upon the defendant.

" Upon the foregoing facts and conclusions of law I find for the defendant.

" To each conclusion of law the plaintiff at the time ex-cepts and objects."

We are of the opinion that the court below erred in its conclusions of law upon the facts found.

The orders of the board of commissioners offering the bounty may have been void at the time they were made, for want of power in the board to make them. But the 1st section of the act of March 3d, 1865, Acts 1865. p. 126, provides, " That all bonds or orders heretofore issued, or appropriations made, by and under the authority of the boards of commissioners of the several counties of this State, and the incorporated cities and towns thereof, for the purpose of procuring or furnishing volunteers and drafted men for the army or navy of the United States, or for maintaining the families of volunteers, sol-diers, substitutes or drafted men, or otherwise to aid the government in suppressing the Rebellion, be, and the same are hereby, ratified, affirmed and legalized."

This act, it has been held, legalizes and validates such orders previously made by boards of commissioners. *Nave* v. *King*, 27 Ind. 356 ; *Coffman* v. *Keightley*, 24 Ind. 509; *The Board of Commissioners of Miami County* v. *Bearss*, 25 Ind. 110 ; *King* v. *Course*, 25 Ind. 202 ; *Miller* v. *The Board of Commissioners of Putnam County*, 29 Ind. 75 ;

*The Board of Commissioners of Fulton County* v. *Onstott,* 29 Ind. 384.

There are many other cases running through our reports, not necessary to be collected here, which go upon the theory that the act of March 3d, 1865, above cited, legalizes and makes valid such orders of boards of commissioners made before the passage of the act.

The act has thus been held valid as legalizing the orders of boards, which they had no power, even when in regular session, to make. And if the statute thus supplies the want of power and makes valid such orders made without power, much more should it supply any defect as to the regularity or legality of the sessions of the boards when such orders were made. The purpose of the statute was, as we think, to legalize and make valid such orders, whether the invalidity consisted in a want of authority to make them, or in the want of legality in the sessions of the boards when they were made.

At the time the orders were made the country was engaged in a gigantic war, and calls had been made for the supply of a large military force.

As was said by Judge ELLIOTT, in the case of *The Board of Commissioners of Fulton County* v. *Onstott, supra:*

" The necessities of the public service were pressingly urgent, and required the utmost promptness in bringing into service the required number of troops."

It is well known, as matter of public history, that in many cases, owing to the urgency of the occasion, boards of commissioners were irregularly convened, and that in others they sat beyond the time prescribed by law, and at such times made orders, the object of which was " to aid the government in suppressing the Rebellion; " and we think it was the purpose of the Legislature, in the passage of the act of March 3d, 1865, to cure all such defects in the action of the boards, as well as to obviate the objection of want of power in the boards to make such orders.

There can be no doubt of the power of the Legislature to cure, by subsequent act, any defect growing out of the fact that the orders of the board were made at a time when it was not in legal session.

Thus, in *Walpole* v. *Elliott*, 18 Ind. 258, it was held that the Legislature might, by a curative act, validate the proceedings of a term of court holden without authority of law. See, also, *Price* v. *Huey*, 22 Ind. 18.

The following principle is stated in Cooley's Constitutional Limitations, p. 371:

" The rule applicable to cases of this description is substantially the following : If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by a prior statute, then it is not beyond the power of the Legislature to dispense with it by a subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law."

We are of opinion that the act of the Legislature made good and valid the orders of the board of commissioners offering the bounty, and that the plaintiff was entitled to judgment on the finding of the court for the sum of two hundred dollars, and the interest thereon from the demand in July, 1864.

The appellee has assigned cross errors upon the ruling of the court in sustaining the demurrers to the second, third, fourth and fifth paragraphs of its answer, which we proceed to consider.

The second paragraph was clearly bad. The basis of the action was the written contract contained in the orders of the board offering the bounty. See *The Board of Commissioners of Adams County* v. *Mertz*, 27 Ind. 103 ; *The Board*

*of Commissioners of Monroe County* v. *Wood*, 39 Ind. 345. The action was, therefore, not barred in six years.

The third was also bad. The plaintiff was entitled to the bounty offered unless he enlisted after the required number had enlisted, and this is not averred in the paragraph. When the plaintiff enlisted and was credited to the county in pursuance of the offered bounty, the required number not having then been supplied, he became entitled to the offered bounty. *The Board of Commissioners of Monroe County* v. *Wood, supra; The Board of Commissioners of Fulton County* v. *Onstott, supra.*

The county can not be discharged of its obligation to the plaintiff because of having paid out to others the full amount of the bounties offered, before notice to its officers of the plaintiff's claim.

What we have said in reference to the third applies also to the fourth paragraph of answer, except the allegation therein that the plaintiff voluntarily enlisted without any knowledge of the orders set out in the complaint until long after he enlisted and was credited to Shelby county, Indiana.

The case of *The Board of Commissioners of Monroe County* v. *Wood, supra,* and the authorities there cited, show that the allegation of want of knowledge, on the part of the plaintiff, of the offering of the bounty at the time of his enlistment, does not make the pleading good.

The fifth paragraph of the answer is palpably bad. It sets up no matter of *fact* which can avoid the liability of the county to pay the offered bounty.

The judgment below is reversed, with costs, and the cause remanded to the court below, with instructions to render judgment for the plaintiff, on the finding, for the sum of two hundred dollars, with the interest thereon as hereinbefore indicated.

Petition for a rehearing overruled.