THE BOARD OF COMMISSIONERS OF GRANT COUNTY *v.* WOODS.

BOUNTY.—*Order by County Commissioners.*—*Complaint.*—During the War of the Rebellion and subsequent to a certain call by the President for volunteers, the board of commissioners of a certain county in this State made an order " that there be paid, out of the county treasury, to each volunteer being a resident of the county," who might enlist therefrom," in the military service of the United States," under such call, while the quota of the county remained unfilled, a certain sum of money, less sums advanced to his family, on his producing a certificate that he had been duly mustered in.  The board subsequently passed an order rescinding the previous order, to take effect at a future day specified, but providing that the rescission should not apply to persons who had, or before such day

should have, subscribed " a contract for enlistment, whether they" had "been mustered " in at that date or not. A complaint was filed before the board, alleging that the plaintiff, while a resident of that county and before its quota had been filled, had enlisted under such call and been credited to that county.

*Held*, on demurrer, that the complaint was sufficient.

PRACTICE.—*Harmless Ruling on Demurrer.—Withdrawal of Answer.—* Where the answer of general denial is in, the sustaining of a demurrer to an additional paragraph is harmless, if the facts alleged in the latter are admissible in evidence under the former ; and the withdrawal of the general denial, subsequent to the sustaining of the demurrer, does not render that ruling erroneous.

From the Grant Circuit Court.

*R. W. Bailey, A. Diltz, J. F. McDowell* and *G. L. McDowell*, for appellant.

*A. Steele, R. T. St. John, L. D.Baldwin* and —— *Baldwin*, for appellee.

SCOTT, J.—The appellee filed in the commissioners court of Grant County the following account and complaint :

" Grant County, Indiana,

"To SAMUEL WOODS :

" To acct. ordered to be allowed and paid by the board of commissioners of said county as bounty for volunteering in service of the United States in the War of 1861, $100.00.

" The petitioner represents to your Honorable Body, that on the 30th day of December, 1863, the Board of Commissioners of Grant County, Indiana, met in special session and made the following order, to wit : 'Special Term, Dec. 30th, 1863, of Commissioners of Grant County, Indiana : The following petition was presented, asking for a bounty for those who may volunteer to make up the last number called for in the United States service, in these words : (Here insert) and after due consideration had, the Board adopts the following : Whereas the central committees of both political parties in Grant County have

met and resolved to request the Board of Commissioners of Grant County to pay an additional bounty to that paid at the time by the Federal Government for volunteers enlisted in the military service of the Government, and whereas the said committees, by their proper chairmen, this day appeared before the Board and united in asking the county to pay to each volunteer who shall enlist in the said service, to the number of Grant County's quota under the last call, so that said county shall be exempt from the draft which was to have been made on the 5th day of January, 1864, but which has been or may be postponed to a future day, and whereas there appears to be a necessity for such action on the part of the Board, for which precedents are to be found in the approved action of other county boards in this and other States: Therefore it is ordered by the Board, that there be paid out of the county treasury to each volunteer, being a resident of the county, who may enlist in Grant County, in the military service of the United States, for and during the term required by the laws of Congress, and until the number of men required from said county under the call made in October last shall be full, the sum of one hundred dollars, payable in quarterly instalments of $25.00 each, after the volunteer produces a certificate, from the mustering-in officer, showing that he is actually in the service of the United States, the remaining instalments all due one each in three months after the other: Provided, however, that if such volunteer shall have a family, and, to supply any necessities thereof for food, clothing, etc., the county shall make advancements to them, the amount paid to each respectively shall be deducted from the remaining payments due said volunteer.

" ' Commissioners present: John Spears and Edward Duling.'

" Your petitioner further represents, that afterward, to wit, on the 23d day of January, 1864, the same board

of commissioners met in special session and made the following order, to wit:

"'Special Term Commissioners G. C.

"'January 23d, 1864.

"'Ordered by the Board that the county bounty of one hundred dollars, heretofore provided by the Board for the purpose of encouraging enlistments in the volunteer service of the United States, be and the same is hereby rescinded, to take effect from and after Monday, the 25th day of January, 1864; provided nothing herein shall be so construed as to prevent persons who have or may, on or before the said 25th day, subscribe a contract for enlistment, whether they have been mustered into service at that date or not, but all such shall be entitled to receive the same.

"'Commissioners present: Charles S. Tibbits, John Spears, Edward Duling.'

"Your petitioner further represents to your Honorable Board, that on the 31st day of December, 1863, he volunteered and enlisted into the service of the United States; that on the 1st day of January, 1864, he was duly mustered into the said service of the United States as a private of company H of the eighth regiment of Indiana infantry volunteers; that, at the time of his enlistment, he was a resident of Grant county, Indiana; that he was duly credited to said county; that he enlisted under the call of October, 1863, referred to in the order of said board, made December 30th, 1863; that he enlisted for the term of three years or during the war; that he has fully complied with all the requirements of the orders of said Board, as herein set out; that he had no family, to whom any part thereof could have been paid; that he has never authorized any one to receive the same; that there is justly owing and due him the sum of one hundred dollars from Grant county; that the same or any part thereof has never been allowed

him heretofore. Wherefore he asks the said board to allow him the sum of one hundred dollars. SAMUEL WOODS."

The petition was dismissed by the board of commissioners, and the appellee appealed to the circuit court.

In the circuit court the appellant moved to dismiss the action because the complaint was insufficient. This motion was overruled, and the appellant excepted to the ruling of the court.

The appellant then filed an answer in two paragraphs.

The first paragraph was a general denial. The second paragraph was as follows:

"For further answer to said complaint defendant says, that the order set out in the plaintiff's complaint, and claimed to have been made and passed by the board of commissioners of said county, provides for the payment of bounty to those persons only who were at the time residents of said county and who enlisted in said county under the call for troops made by the President of the United States of America in the month of October, 1863, for three hundred thousand men; that said plaintiff did not volunteer or enlist into said service of the United States in said county on or after December 30th, 1863, nor on or before the 25th day of January, 1864; that he was at the time said order was made, and had been for two years prior thereto, in the service of the United States as a member of the eighth regiment of Indiana volunteers; and that if he did enlist, as in complaint mentioned, it was by re-enlistment as a veteran soldier, and in consideration of $400 bounty and rebatement of unexpired term of former enlistment, offered by act of Congress to soldiers in the field who would re-enlist as veterans; that, if he did so enlist at said time, he did so as a re-enlisted veteran soldier; that said enlistment was made while in said service in the State of Texas; that he knew nothing, at the time of said re-enlistment, of the order so made to pay bounty by said county; that said offer was no part of the inducement for

such enlistment, but that he was solely induced to make such enlistment for and in consideration of $400 bounty offered by the general government and rebatement of unexpired term of former enlistment, as aforesaid; that said plaintiff was not credited on quota due from said county under said call of October, 1863; that, if credited at all to said county on his said re-enlistment, he was so credited under the call of the President of the United States, made in July, 1864, or the one made in December, 1864, by an order of the War Department of the United States and that said defendant did not and could not have any control whatever in fixing the time and place of his credit."

There was a demurrer to this paragraph of the answer, for the want of sufficient facts to constitute a defence. The demurrer was sustained, and exception entered.

The defendant then withdrew the general denial, and refused to plead or answer further, and judgment was thereupon pronounced and entered in favor of the plaintiff, and against the defendant, for the sum of one hundred dollars.

The appellant assigns for error:

1.   That the complaint does not state facts sufficient to constitute a cause of action;

2.   That the circuit court erred in overruling the appellant's motion to dismiss appellee's complaint; and,

3.   That the circuit court erred in sustaining appellee's demurrer to appellant's second paragraph of answer.

We are of opinion that the complaint was sufficient. While the orders of the board were in force, the appellee enlisted, under the call of October, 1863; he was a resident of Grant county; he enlisted before the quota was full, or, if he did not, this condition was waived by the order of January 23d; he was credited to the county from the time of his enlistment; we think it fairly inferable, on the call of October, 1863. We think all the facts fairly stated in the complaint. As to producing the cer-

tificate of the mustering officer, that was a mere matter of proof, which might be supplied in any other legal mode that would make the truth appear.

The motion to dismiss was properly overruled.

The second paragraph of the answer contains nothing that could not have been proved under the general denial; and, the general denial being in the record at the time the demurrer was sustained, the ruling was not error. And the withdrawal of the general denial after the ruling of the court on the demurrer cannot affect the ruling of the court previously made.

We are unable to see any error in the record.

The judgment is affirmed, at the costs of the appellant.