Filed Jan. 11, 1884.

---

No. 10,610.

## HIGH ET AL. *v.* BOARD OF COMMI-SIONERS OF SHELBY COUNTY.

CONTRACT. — *Statute of Limitations.* — *Soldiers' Bounty.* — *Demand.* — *County Commissioners.*—A county board in 1863 offered a bounty of $200 to each person who would enlist as a soldier, a county bond for which would be delivered on demand. M. enlisted and became entitled to a bond, but did not demand it until 1879, when it was refused. Suit was brought within six years from the demand.

*Held,* that the cause of action did not accrue until the demand.

*Held,* also, that the demand should have been made within a reasonable time, which was the period of limitation, and the statute, in equity, began to run at the expiration of the period within which the demand should have been made.

*Held,* also, that the contract between the county and M. was a parol contract, and the period of limitation was six years.

From the Shelby Circuit Court.

*B. F. Love, H. C. Morrison, T. B. Adams,* and *L. T. Michener,* for appellants.

*L. J. Hackney* and *E. K. Adams,* for appellee.

COLERICK, C.—This was an action brought by the appellant High against the appellee, the board of commissioners of Shelby county, to recover the amount of a bounty offered by said board to persons enlisting in the military service of United States in the late war of the Rebellion, to fill a quota assigned to Shelby county under a call of the President of the United States for volunteers to suppress the Rebellion.

The complaint, in substance, avers that on the 2d day of November, 1863, said board made, and entered upon the record of its proceedings, an order, a copy of which is set forth in the complaint, the material part of which order is: "Wherefore, it is ordered by the board that a bounty of $100 be paid to each and every volunteer to fill up the quota of Shelby county under the last call of the President of the United States, so soon as said volunteer shall be mustered and sworn into the service of the United States." It further avers that afterwards, December 17th, 1863, said board made and entered upon its said record, an additional order, a copy of which is also set forth in the complaint, which order, in part, is as follows: "And said petition" (referring to a petition which had been presented to the board by citizens of said county, asking the board to offer an additional bounty to volunteers to fill said quota) "being read, and the board being sufficiently advised, do now consider it expedient, for the pur-

pose of encouraging volunteering, to offer a bounty of $100 in addition to the one offered by the board on the 2d day of November, A. D. 1863. Therefore, it is ordered by the board that each and every volunteer volunteering under the last call of the President of the United States, to fill Shelby county's quota, to the number not exceeding two hundred, be allowed and paid the sum of $100, in addition to the $100 heretofore allowed by this board, to be paid in a county bond of Shelby county, Indiana, payable in two years, and bearing interest at the rate of six per cent. per annum from date of issuing: *Provided, however,* That all volunteers that have received a bounty of $100 from the several townships that have offered a bounty in addition to the one offered by this board November 2d, 1863, be not allowed additional bounty offered by this board. And it is further ordered by the board that the township that has paid a bounty of $100 in addition to the bounty of $100 offered November 2d, 1863, by this board, have the same refunded by Shelby county. And it is further ordered that two hundred and fifty-four county bonds be issued in the sum of $100 each, to be placed in the hands of the auditor, to be dated by him at the date called for, and to be by him delivered to all volunteers under the last call of the President of the United States, upon their producing the proper certificate of the mustering officer that they have been regularly mustered into the United States service. Ordered by the board that the auditor be and he is hereby authorized to issue to each and every volunteer to fill the quota of Shelby county, under the last call of the President of the United States, a county order for the sum of $100, for bounty offered by the board November 2d, 1863. upon such volunteer filing with said auditor the proper certificate of the mustering officer that he was regularly mustered into the United States service: *Provided, however,* That no order be issued to such volunteers as have already received such order; said orders to be issued not to exceed in number two hundred and five."

The complaint then avers that on the 4th day of January, 1864, Bert McNeeley (who was made a defendant to the action) volunteered to fill the quota of said county, the same not then having been filled, and was credited to said county, and was afterwards, on the 10th day of January, 1863, mustered into the service of the United States as a soldier; that said McNeeley, on the 15th day of March, 1881, assigned, in writing, his claim for said bounty to the plaintiff, a copy of which assignment is filed with the complaint, McNeeley being made a party to answer as to his interest in said claim; that on the 10th day of January, 1879, said McNeeley demanded of said auditor that he issue and deliver to him his warrant on the treasurer of said county for the amount of money due to him by virtue of the orders made by said board aforesaid, but said auditor refused and failed to do so; that the same has never been issued, nor has the said amount, or any part thereof, ever been paid, although long past due; nor did said McNeeley or the plaintiff ever receive or obtain any bounty from any township. Wherefore plaintiff prayed judgment for said sum of $200, together with interest thereon since the date of the enlistment of McNeeley, and other relief.

To this complaint McNeeley, who, for some unexplained reason, has been improperly made a party appellant to the appeal, filed an answer, admitting the facts therein stated, and the appellee filed its answer in thirteen paragraphs, all of which were subsequently withdrawn except the thirteenth, to which the appellant High demurred, alleging insufficiency of facts, and the demurrer was overruled, to which ruling he excepted, and filed a reply in one paragraph, to which the appellee demurred for the want of facts, and, the demurrer being sustained, the appellant High excepted, and, refusing to plead over, and electing to stand by his reply, final judgment was rendered against him, from which he appeals, and assigns as errors for the reversal of the judgment:

1. The ruling of the court on the demurrer to the thirteenth paragraph of the answer.

2. The ruling of the court on the demurrer to the reply.

3. The rendering of judgment against him in favor of the appellee.

The only errors discussed by him are the two first named, and, therefore, they are the only ones presented for our consideration.

*First.* Did the court err in overruling the demurrer to the thirteenth paragraph of the answer, which was as follows: *"Thirteenth.* The defendant, for further answer, says that more than six years have elapsed since the plaintiff's cause of action accrued, and before the commencement of this action."

The same question, growing out of and based upon the same orders of the same board of commissioners as in this case, was presented in the same manner to, and decided by, this court in *Sithin* v. *Board, etc.,* 66 Ind. 109, in which an answer, pleading the statute of limitations of six years, was held bad. The opinion of the court upon the question so presented is very brief, viz.: " The second paragraph was clearly bad. The basis of the action was the written contract contained in the orders of the board offering the bounty. * * The action was, therefore, not barred in six years." Afterwards the same question was again presented to this court in the case of *Board, etc.,* v. *Shipley,* 77 Ind. 553, when the case above cited was reviewed and overruled, and it was then held by this court that an offer of bounty to volunteers for military service, entered upon the records of a county board, and the acceptance of the offer by enlistment according to the conditions of the offer, did not constitute a contract in writing within the meaning of the statute of limitations, and that such a contract resting partly in writing and partly in parol is to be regarded as an oral contract, to which the six year period of limitation applies. WORDEN, J., who rendered the opinion of the court in both cases, said, in the case last cited: " The order entered by the board of commissioners was not a complete contract. Indeed, it was no contract at all. There was no party to it ex-

cept the board. It was a mere offer in writing to any person who might volunteer and be credited to Marion county, as therein stated. It might, doubtless, have been withdrawn entirely before any one had volunteered and been credited as provided for. Until some one had accepted the offer by volunteering and had been credited in accordance with the terms of the offer, no binding contract existed. But the acceptance of the offer, as above stated, could only be shown by evidence extraneous to the order of the board. The offer of the board and its acceptance by the appellee, by complying with its terms, constituted a valid contract; but it existed in writing so far as the offer was concerned, and in parol so far as its acceptance was concerned. It became a contract partly in writing and partly oral. Such contracts are regarded in law as oral contracts," and after citing and reviewing authorities in support of the conclusion reached, the able judge concludes by saying: " This point was decided the other way in the case of *Sithin* v. *Board, etc.,* 66 Ind. 109, but the point was not elaborately argued or considered in that case. Upon fuller argument and consideration, we are satisfied that we fell into an error in that case upon the point in question, and in respect to this point that case must be overruled." Since then the law, as declared in the case of *Board, etc.,* v. *Shipley, supra,* has been recognized and approved by this court. See *Board, etc.,* v. *Miller,* 87 Ind. 257 ; *Stagg* v. *Compton,* 81 Ind. 171 ; *Pulse* v. *Miller,* 81 Ind. 190. Adhering to these recent decisions as a correct exposition of the law applicable to the question again presented to us in this case, we must hold that no error was committed in overruling the demurrer to the answer.

*Second.* Did the court err in sustaining the demurrer to the reply? The reply is as follows:

" For reply to the thirteenth paragraph of the answer the plaintiff says that this cause of action did not accrue more than six years before this suit was commenced, because he

says that heretofore, to wit, January 10th, 1879, and within six years prior to the commencement of this suit, the plaintiff's assignor demanded of the auditor of Shelby county that he issue and deliver to him his warrant on the treasurer of ·Shelby county for the amount due to him by virtue of the order named in the complaint, but the said auditor failed and refused so to do, and no demand was made by him prior thereto. Wherefore he demands judgment."

The statute of limitations does not begin to run until the ·cause of action has accrued, and the law is settled that where an action can not be maintained until a demand has been made, the statute will not generally be put in motion before such demand is made. *Cole* v. *Wright,* 70 Ind. 179. It does not operate until a party has the right to apply to the proper tribunal for relief. *Atherton* v. *Williams,* 19 Ind. 105; *Lynch* v. *Jennings,* 43 Ind. 276.

Was a demand in this case necessary? The original order made by the board November 2d, 1863, contained an absolute promise to pay a certain sum in money to each person volunteering, as soon as he was mustered into the service and assigned to fill the quota of the county, but, by the terms of the amended and supplemental order above set forth, $100 of the bounty offered by the board was to be paid in a bond of the county, payable in two years, with interest at the rate of six per cent. per annum, to be dated by the auditor at the date called for, and to be by him delivered to the person so volunteering, upon said person producing a certificate of the mustering officer that he had been regularly mustered into the United States service, and the auditor was also authorized to deliver to said volunteer a county order for $100 for the bounty offered by the board November 2d, 1863, upon his filing with the auditor the certificate of the mustering officer above referred to. It appears by the complaint that McNeeley enlisted, and was mustered into the service and assigned to said county after the original order of the board

had been amended and supplemented as aforesaid. By the provisions of the order as it existed at the time he enlisted and was mustered into the service, he had no claim against the county for money, but was entitled to receive, on demand, from the auditor, a bond and order as specified in said order. No demand need be proved in a suit on a promise to pay money on demand. *Ross* v. *Lafayette, etc., R. R. Co.,* 6 Ind. 297. But a suit is a legal demand for money only, and an action will not lie on a contract payable in anything other than money on demand until a demand is made. *Frazee* v. *McChord,* 1 Ind. 224; 7 Wait Actions and Defenses, p. 366.

It will be observed by the terms of the order of the board, that the bond to be issued was not to be paid until two years from the date of its issue, and was not to be issued until called for. If the person entitled to the bond could successfully maintain an action to recover the sum for which it was to be given, without making a demand for the bond, he would thereby be able by suit to enforce the collection of the debt, to be evidenced by the bond, two years before its maturity.

It appears to us quite clear that McNeeley or his assignee had no claim against the appellee which could be enforced by suit, until a demand for the bond and order was first made and refused. But it is claimed by the appellee that McNeeley or his assignee was not entitled to receive the bond or order without first producing or filing with the auditor the certificate of the mustering officer referred to in the order of the board, and that its production and filing was a condition precedent to a right of recovery. This court has, in several cases, decided otherwise. *Board, etc.,* v. *Wood,* 39 Ind. 345; *Bragg* v. *Board, etc.,* 34 Ind. 405; *Board, etc.,* v. *Woods,* 69 Ind. 356.

Although the cause of action did not accrue until a demand was made, yet the demand should have been made within a reasonable period from the time that it might have been made. A reasonable time, in the absence of circumstances justifying or excusing a longer delay, is the time limited by the statute

for the commencement of the action. If the rule was otherwise, a party, by his own act or failure to act, could preclude the running of the statute of limitations until such time as might suit his interest, convenience or pleasure to put it in motion. In this case, it appears by the pleadings that McNeeley enlisted on the 4th day of January 1864, and was mustered into the service on the 10th day of January, 1864, at which time he was entitled, on demand, to receive the offered bounty.. He made no demand for the bounty, according to the averment in the reply, until January 10th, 1879, being fifteen years from the time that he was entitled to receive it, and this action was not instituted until October 25th, 1881, more than seventeen years from said time. In Wood on Limitation of Actions, section 118, it is said : " In all cases where a demand is necessary to fix the liability of a party, * * the statute of limitations is not put in motion until such demand is made, although if a demand is not made in a reasonable time a court of equity will treat the claim as stale, and refuse to aid in its enforcement." See, to the same effect, *Codman* v. *Rodgers*, 10 Pick. 112 ; *McDonnell* v. *Branch Bank*, 20 Ala. 313 ; *Morrison* v. *Mullin*, 34 Pa. St. 12 ; *Palmer* v. *Palmer*, 36 Mich. 487 (24 Am. R. 605) ; *Thrall* v. *Mead*, 40 Vt. 540 ; *Keithler* v. *Foster*, 22 Ohio St. 27 ; *Jameson* v. *Jameson*, 72 Mo. 640. In *Palmer* v. *Palmer, supra,* it was held that where a demand was necessary to found an action upon, the demand was barred unless made in six years. The court said : " We can not but think this to be sound doctrine ; whatever may have been the ancient prejudice against statutes of limitation they are now regarded as just, and entitled to be fairly construed. If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it. He is really and in fact able at any time to bring an action, when he can by his own act fix the time of payment. It is no stretch of language to hold that

a cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act, and in spite of the debtor, can make the demand payable. It may be otherwise, possibly, where delay is contemplated by the express terms of the contract, and where a speedy demand would manifestly violate its intent. But where no delay is contemplated the rule is just and reasonable; and the presentment should be reasonably prompt, or the creditor should be subjected to the operation of the statute."

In *Codman* v. *Rodgers, supra,* it was said: "Generally, where a debt is payable in money and on demand, the statute of limitations begins to run immediately after the debt is contracted; but if a demand previous to the commencement of an action is necessary, the statute will not begin to run until the demand is made. But in the latter case there must be some limitation to the right of making a demand. A party must not be permitted to sleep over his rights, to the prejudice of the party on whom he makes a claim, and who by the delay may be deprived of the evidence and means of effectually defending himself. A demand must be made within a reasonable time; otherwise the claim is considered stale, and no relief will be granted in a court of equity. What is to be considered a reasonable time for this purpose does not appear to be settled by any precise rule. It must depend on circumstances. If no cause for delay can be shown, it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action. There is the same reason for hastening the demand, that there is for hastening the commencement of the action; and in both cases the same presumptions arise from delay."

Statutes of limitations are now generally looked upon as statutes of repose. They rest upon sound policy, and tend to the peace and welfare of society, and they are to be deemed just as essential to the general welfare and wholesome administration of justice as statutes upon any other sub-

ject.   See 7 Wait Actions and Defenses, p. 225, and the cases
there cited.

The court committed no error in sustaining the demurrer
to the reply.

PER CURIAM.—The judgment of the court below is af-
firmed, at the costs of the appellant High.

